UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERIC BURNETTE,                              )
                                            )
      Plaintiff,                            )
                                            )
    v.                                      )          Case No. 4:26 CV 311 CDP
                                            )
RIVERVIEW GARDENS SCHOOL                    )
DISTRICT,                                   )
                                            )
      Defendant.                            )

## MEMORANDUM AND ORDER

On March 30, 2026, defendant filed a motion to dismiss this employment discrimination action, arguing that plaintiff Eric Burnette had failed to plead sufficient facts to state a plausible claim for relief.  After Burnette failed to respond to the motion, I ordered him to show cause why defendant's motion to dismiss should not be granted.  Burnette timely responded to that Order, averring that he never received the motion.  He requests additional time to respond to the motion upon defendant's proof of service.  I will direct defendant to serve its motion upon Burnette in accordance with Federal Rule of Civil Procedure 5(b)(2)(C) and will grant Burnette additional time to respond.

Burnette represents himself in this action and does not receive filings through the Court's electronic filing system.  The certificates of service attached to defendant's motion to dismiss and accompanying memorandum, however, state

that service was effected on Burnette only "via the Court's electronic filing system (ECF)[.]"  (ECF 8, 9.)  If a paper is filed with the Court and a litigant is not a recipient of electronic notifications through the Court's electronic filing system, the certificate of service must indicate service of that paper "by other means."  Fed. R. Civ. P. 5(d)(1)(B)(i).  From defendant's certificates of service, it does not appear that defendant served Burnette "by other means" and thus failed to comply with the service requirements of Rule 5.  I will therefore direct defendant to serve its motion to dismiss, memorandum in support, and accompanying exhibit upon Burnette my mailing them to Burnette's address of record and to file a certificate verifying that service.  Fed. R. Civ. P. 5 (b)(2)(C), 5(d)(1)(B)(i).

Burnette asks that I give him 45 days after service of the motion for him to file a response and to try to find counsel to represent him in the case.  I will grant Burnette additional time to respond, but 45 days is too long.  I will grant him thirty (30) days after service to respond to the motion to dismiss.

Any future failure to comply with Federal Rule of Civil Procedure 5 in serving papers upon the opposing party may result in sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that **forthwith** defendant shall mail its motion to dismiss, memorandum in support, and accompanying exhibit – docketed at ECF 8, 9, and 9-1 – to plaintiff Eric Burnette at his address of record and shall file a

- 2 -

certificate of service with the Court verifying its compliance with Federal Rule of Civil Procedure 5(b) and (d).

**IT IS FURTHER ORDERED** that plaintiff Eric Burnette shall have thirty (30) days after service within which to respond to defendant's motion to dismiss.

**IT IS FURTHER ORDERED** that any party's future failure to comply with the service requirements of Federal Rule of Civil Procedure 5 may result in sanctions.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2026.