UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERIC BURNETTE,                          )
                                        )
      Plaintiff,                    )
                                        )
      v.                            )        Case No. 4:26 CV 311 CDP
                                        )
RIVERVIEW GARDENS SCHOOL                )
DISTRICT,                               )
                                        )
      Defendant.                    )

## MEMORANDUM AND ORDER

On March 30, 2026, defendant Riverview Gardens School District (the District) moved to dismiss this employment-discrimination action, arguing that self-represented plaintiff Eric Burnette failed to plead sufficient facts to state a plausible claim for relief.  After Burnette failed to respond to the motion, I ordered him to show cause why the motion to dismiss should not be granted.  Upon learning that the District failed to serve its motion on Burnette, I granted Burnette 30 additional days to respond after proper service of the motion.  As that service occurred on May 7, 2026, Burnette was required to respond not later than June 9, 2026.  Fed. R. Civ. P. 6(d) (if service by mail, add three days after the period would otherwise expire).  To date, Burnette has not responded to the District's motion to dismiss or to my show cause order.  I will grant the motion to dismiss.

**Background**

In his complaint, Burnette claims that the District wrongfully terminated his employment as a safety officer because of his gender, male, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

Burnette alleges that on February 12, 2024, he observed two female high school students in a campus building other than the building to which they were assigned and, knowing that the students had skipped classes in the past, he approached them and asked where they were going. When they said that they were going to the girls' restroom, he told them that policy required them to use the restroom in their assigned building. He also told them that since they were outside their designated area, they needed an authority figure (such as their dad) to escort them to where they needed to go. He then escorted them to the girls' restroom.

One of the students said that Burnette's statement made her feel uncomfortable.

On February 21, 2024, the District informed Burnette of its recommendation that his employment be terminated for violating Board policy of maintaining courteous and professional relationships with students. His termination was effective that same date. Burnette claims that he was terminated because he was male and the students to whom he spoke were female. He asserts that he observed other District employees speak to students in a discourteous or negative manner on

other occasions, but that those employees were not terminated.

## Discussion

In its motion, the District argues that Burnett's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because Burnette pleads no facts to suggest that his termination was related to his gender or that similarly situated female employees were not terminated after engaging in the same conduct. Based on a review of Burnette's complaint, I agree. *See Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013) (district court erred in denying defendant's motion to dismiss employment-discrimination claim where plaintiff made only conclusory allegation of gender discrimination with no supporting facts and, further, alleged no facts showing that she was treated differently from similarly situated employees because of her gender).

I also note, however, that Burnette did not respond to the District's motion to dismiss after having been given an extended opportunity to do so. I therefore consider Burnette to have abandoned his claim and will treat his failure to respond as a concession to defendant's argument. *Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339, 1349-50 (E.D. Mo. 2020); *see also WC Armstrong Props., LLC v. State Auto Prop. & Cas. Ins. Co.*, No. 4:24-CV-1239 SRW, 2025 WL 212326, at *2 (E.D. Mo. Jan. 16, 2025) (listing cases). It is not my duty to make arguments

on a party's behalf, to conduct research to find law supporting those arguments, and then use those arguments and legal support against an opposing party to deny requested relief. *WC Armstrong*, 2025 WL 212326, at *2. Because Burnette's abandonment of his claim is a sufficient basis upon which to dismiss his complaint, I will grant the District's motion and dismiss Burnette's complaint in this action. *Huskey*, 486 F. Supp. 3d at 1349-50.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Riverview Gardens School District's unopposed Motion to Dismiss Plaintiff's Complaint [8] is **GRANTED.**

A separate Order of Dismissal is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2026.